UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>SABRIANA WILLIAMS,<br><br>                                    Defendant. | Case No.:  22cr1444-CAB<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. No. 58]** |

On June 6, 2024, defendant Sabriana Williams filed a motion for sentence reduction pursuant to 18 U.S.C sec. 3582(c)(1). [Doc. No. 58.] On June 24, 2024, the government filed an opposition to the motion to reduce sentence.  [Doc. No. 62.]  For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On June 30, 2022, Defendant was charged by way of information with conspiracy to distribute marijuana, in violation of Title 21, United States Code § 841 and § 846. [Doc. No. 1.] Defendant entered a guilty plea to the information on the same day. [Doc. Nos. 8, 10.]

According to the Pre-Sentence Report ("PSR"), from at least 2019 through 2022, Defendant, along with others, operated a lucrative unlicensed marijuana business which functioned primarily as a wholesale supplier of marijuana and marijuana products to

unlicensed and illegal marijuana dispensaries throughout San Diego. The business also operated as an unlicensed, illegal dispensary by selling these products to individual customers. Defendant and her co-conspirators used various locations to manufacture, store and distribute marijuana and marijuana products, as well as receive and store case proceeds from the sale of these products. The amount of marijuana distributed during the course of the conspiracy exceeded 3000 kilograms. [Doc. No. 19 (PSR) at 5.]

On April 7, 2021, law enforcement executed a search warrant at Cannaland in Spring Valley, California, and the following items were seized: more than 3,000 kilograms of marijuana (with an estimated street value exceeding 6 million dollars), and five firearms. Defendant was aware that security for the business she and her conspirators owned and managed possessed firearms, either on their person or easily accessible at the warehouse while working, and the firearms were used to protect the operation of the unlicensed, illegal marijuana business. Further, Defendant did not pay federal or state taxes on the income she received from managing the unlicensed, illegal manufacturing and distribution operation. [*Id*.]

On November 3, 2023, the Court sentenced Defendant to 18 months' custody and three years' supervised release. [Doc. Nos. 46, 47.] Defendant has been incarcerated since April 8, 2024, and is scheduled to be released on July 17, 2025. [Doc. No. 62 at 14.]

## DISCUSSION

On June 6, 2024, Defendant filed a motion with this Court seeking a sentence reduction on the grounds that, due to recent circumstances, her two-month-old child will be without childcare.

a. Compassionate Release.

If the exhaustion requirement is met[1], a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. §

---

[1] It appears that Defendant has met the exhaustion requirement. [*See* Doc. No. 58 at 5.] The government does not dispute that exhaustion has been met. [Doc. No. 62 at 2.]

2

3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

Here, Defendant has not identified "extraordinary and compelling reasons" to justify a sentence reduction, as Defendant has not provided evidence that the caregiver of her child is "incapacitated."[2] Defendant only makes a broad assertion that her mother (who is the caregiver of her child) was hospitalized on April 15, 2024 for complications with her heart. However, there is no indication that her mother remains hospitalized, nor is there a prognosis for her recovery. Moreover, Defendant fails to show that there are no other caregivers available for her child. While the Court recognizes that the child's father is unavailable due to his incarceration, Defendant has not provided any evidence that other family members (such as Defendant's brother) are also not available to care for the child.

Because it is easy to simply allege the absence of other potential caregivers, Defendant must make "a robust evidentiary showing that defendant is the only available caregiver." *United States v. Bragg*, No. 12CR3617-CAB (S.D. Cal. February 19, 2021) (Dkt. No. 90) (internal quotations omitted); *see United States v. Moalin*, 10CR4246-JM (S.D. Cal. August 4, 2021) (Dkt. No. 553) ("Mr. Moalin has failed to make a robust evidentiary showing that [he] is the only available caregiver" [internal quotations omitted]); *see also United States v. Richardson*, No. 18CR507, 2020 WL 2200853 at *2 (E.D.N.C. May 6, 2020) ("Although defendant alleges his mother can no longer care for

---

[2] The Bureau of Prisons ("BOP") defines incapacitation of the family caregiver as "a severe injury" or "a severe illness" "that renders the caregiver incapable of caring for the child." BOP Program Statement 5050.50 (January 17, 2019).

his daughter due to her medical issues, there is no evidence submitted directly from defendant's mother or other records supporting these assertions. Defendant also fails to explain why he is the only available caregiver for his child in these circumstances"). Here, Defendant has simply failed to make the required showing that she is the only available caregiver.   Accordingly, Defendant has not established her eligibility for a sentence reduction.

  b. Section 3553(a) Factors.

  In addition, when deciding whether a sentence reduction is warranted, this Court must consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence modification. First, courts in this District have recognized that even when "extraordinary and compelling reasons" are present, the § 3553(a) factors do not support a sentence reduction when the defendant has not served a meaningful portion of the sentence ordered by the Court. *See, e.g., United States v. Ortiz*, No. 18cr2063-BAS (S.D. Cal. September 11, 2020) [Doc. No. 63] (Lompoc inmate convicted of drug offense had Type 2 diabetes, obesity, and hypertension; but to grant release after just 15 months of 77-month sentence "would create unwarranted disparities with other defendants with similar criminal backgrounds" and defendant already "received a substantial downward departure"). Because Defendant has served less than 3 months of her 18-month sentence, the § 3553(a) factors weigh against granting compassionate release.

  The nature and circumstances of this particular offense also do not support release. As noted above, Defendant, along with others, operated a lucrative unlicensed marijuana business which functioned primarily as a wholesale supplier of marijuana and marijuana products to unlicensed and illegal marijuana dispensaries throughout San Diego. The business also operated as an unlicensed, illegal dispensary by selling these products to

individual customers. The amount of marijuana distributed during the course of the conspiracy exceeded 3000 kilograms. The serious nature of this conduct warranted an 18-month sentence. Accordingly, the Section 3553(a) factors also weigh against a sentence modification.

## CONCLUSION

For the reasons set forth above, the motion for sentence reduction is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge